UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JULIE VITTENGL, BENJAMIN DeGONZAGUE,
SARAH KAYS, and THOMAS BORST,
on behalf of themselves and all others
similarly situated,

                          Plaintiffs,         1:06-CV-1513

      vs.

WURLD MEDIA, INC.,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

THE TOWNE LAW OFFICE, PC            JAMES T. TOWNE, JR., ESQ.
Attorneys for Plaintiffs                    SUSAN F. BARTKOWSKI, ESQ.
7 Wembley Court
Albany, New York 12205

GIRVIN & FERLAZZO, PC                GREGG T. JOHNSON, ESQ.
Attorneys for Defendant                JACINDA HALL CONBOY, ESQ.
2nd Floor                                        SCOTT P. QUESNEL, ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211-2350

DAVID N. HURD
United States District Judge

## MEMORANDUM DECISION and ORDER

**I. INTRODUCTION**

      Julie Vittengl, Benjamin DeGonzague, Sarah Kays, and Thomas Borst, as representatives of their class, ("plaintiffs") commenced this class action under 29 U.S.C. § 206("ERISA") (First through Fourth causes of action) and Article 6 of the New York Labor Law (Fourth and Fifth causes of action) to recover unpaid wages and contributions to 401(k) accounts. Wurld Media, Inc. ("defendant" or "Wurld Media") moved to dismiss the action for

lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(3). Oral argument was heard in Albany, N.Y. on February 23, 2007.  Decision was reserved.

## II. FACTS

This action was brought by plaintiffs, as representatives of a class of similarly situated Wurld Media employees, to recover wages and 401(k) account contributions that defendant allegedly failed to pay in violation of ERISA and New York state law.  Defendant promptly sought dismissal for lack of subject matter jurisdiction because plaintiffs, as a condition of their employment, signed agreements requiring that all legal disputes arising out of their employment be resolved through binding arbitration.  The sixth clause of the agreement titled "Resolution of Legal Disputes Through Binding Arbitration" ("arbitration clause") read in relevant part:

> Any legal dispute arising between the Employee and the Company . . . shall be resolved through final and binding arbitration.  "Legal dispute" when applied to an employee claim means a claim by an employee that Wurld Media or one of its agents has breached a legal obligation to the employee by violating a statute, regulation or common law obligation applicable in the employment relationship.

(Kerber Aff. Ex. A at 4.)

Plaintiffs concede that the arbitration clause is applicable to their claim.

## III. DISCUSSION

Because both parties agree that the underlying dispute is arbitrable, the Federal Arbitration Act, 9 U.S.C. §§ 1-14, is the controlling source of law for the questions presented here.

### A. Motion to Dismiss

Defendant seeks dismissal of plaintiffs' action because, as plaintiffs concede, the matter is one which is subject to arbitration. Plaintiffs oppose the motion to dismiss on the ground that the district court has the discretion to stay the action under 9 U.S.C. § 3. Therefore, the issue is whether the action should be dismissed or stayed in accordance with 9 U.S.C. § 3.

Under the Federal Arbitration Act a party may seek to stay an action if a part of that action is referable to arbitration. 9 U.S.C. § 3 (2005). However, courts of this circuit have held that "[w]here all issues raised in the complaint must be submitted to arbitration, the court may dismiss an action rather than stay proceedings." Rubin v. Sona Int'l. Corp., 457 F. Supp. 2d 191, 198 (2006); see also Spencer-Franklin v. Citigroup/Citibank N.A., No. 06 Civ. 3475, 2007 WL 521295, at *4 (S.D.N.Y. 2007) (stating that "all courts of which we are aware have followed the rule" that where all issues in the complaint must be submitted to arbitration the action should be dismissed); Margalioth v. Merrill, Lynch, Pierce, Fenner & Smith Inc., 695 F. Supp. 756, 757 (S.D.N.Y. 1988) (holding that where "none of plaintiff's claims remain to be resolved by [the] court . . . there is no reason to stay [the] proceedings pending the arbitrator's decision").

In this case, plaintiffs concede that all of the claims in the complaint are subject to final and binding arbitration. Therefore, because there are no issues remaining in this dispute that might properly be decided by the district court, it is appropriate to dismiss the action rather than to stay it.

Defendant's motion to dismiss must be granted.

**B. Cross Motion to Place Matter in ADR**

Plaintiffs entered a cross motion to have the arbitration placed in the Alternative Dispute Resolution ("ADR") program of the Northern District pursuant to Local Rule 83.7-2. Therefore, the issue is whether this dispute may properly be brought in ADR.

The ADR is a "consensual arbitration program for the referral of civil actions to court-annexed arbitration. Its purpose is to establish a less formal procedure . . . while preserving a right to full trial on demand." L. R. 83.7-1 (emphasis added). Further, ADR is "non-binding." L. R. 83.7-2.

The ADR is not an appropriate forum for this action. As the local rules make clear, ADR is an alternative mechanism to resolve litigation pending before the district court. Consent of both parties to participation is critical to its success. Here, defendant has unequivocally expressed its lack of consent. Further, ADR is not appropriate where there is no cause of action over which the district court properly has jurisdiction. As previously stated, plaintiffs' claims are subject to final and binding arbitration, and neither party has a right to seek a trial, as the local rules allow for cases in ADR. Additionally, ADR is by rule non-binding, but the contract of the parties in this action requires that the dispute be resolved through binding arbitration. Therefore, because the contract to resolve this dispute cannot be met by ADR, it would be inappropriate to compel arbitration of this case in ADR.

While the action is not appropriate for ADR, it should be noted by both parties that the lack of express language in the arbitration clause on who shall arbitrate this dispute risks further proceedings. Under the Federal Arbitration Act, 9 U.S.C. § 5, where an agreement to arbitrate does not name an "arbitrator or arbitrators . . . then upon application of either party

- 4 -

to the controversy the court shall designate and appoint an arbitrator or arbitrators." 9 U.S.C. § 5 (2005).

It should be the preference of all involved in this matter to quickly resolve the differences over whom shall be appointed arbitrator. However, if the parties can not come to a mutually satisfactory determination, either party may petition for appointment of an arbitrator in accordance with 9 U.S.C. § 5.

Therefore, because this dispute is not one that is susceptible to resolution through ADR, plaintiffs' cross motion must be denied.

## IV. **CONCLUSION**

Defendant's motion to dismiss all of plaintiffs' claims is granted because these disputes are subject to final and binding arbitration, and there are no remaining matters that are properly brought before the district court. Plaintiffs' motion to remove this action to the Northern District's ADR program is denied because ADR is not an appropriate forum for this dispute.

        Accordingly, it is

ORDERED that

1. Plaintiffs' cross motion to direct the action to the Alternative Dispute Resolution program of the Northern District is DENIED;

2. Defendant's motion to dismiss is GRANTED: and

    3.  The complaint is DISMISSED in its entirety.

    The Clerk is directed to enter judgment accordingly.

    IT IS SO ORDERED.

_____
United States District Judge

Dated:  April 5, 2007
        Utica, New York.